# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:09cr193 |
| | § | (Judge Crone) |
| ASTRIT BEKTESHI (2) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter having been referred by the Honorable Marcia Crone, the Court held a hearing on September 6, 2012, on Defendant's Motion to Withdraw Guilty Plea (Dkt. #268). In his motion, Defendant seeks to withdraw his guilty plea, which was accepted by the District Judge, signed on December 8, 2011 (Dkt. #234).

**BACKGROUND**

On October 15, 2009, the United States Grand Jury returned a two count indictment in the Eastern District of Texas, charging the Defendant with a violation of 21 U.S.C. § 846, conspiracy to distribute or possess with intent to distribute cocaine, heroin, 3, 4 methlenedioxymethamphetamin ("Ecstasy") or marijuana and a violation of 18 U.S.C. § 1956(h), conspiracy to commit money laundering.

On December 5, 2011, Defendant signed a plea agreement to count one of the indictment, which charged him with conspiracy to manufacture or distribute or possess with intent to manufacture or distribute controlled substances. Also on Decemeber 5, 2011, Defendant signed a factual statement in support of his plea of guilty. Defendant's plea agreement contains a Rule 11(c)(1)(C) agreement that Defendant's sentence would be imprisonment for 135 months.

On December 5, 2011, Defendant appeared before the undersigned for his change-of-plea hearing. On December 5, 2011, Findings of Fact and Recommendation on Guilty Plea were entered. On December 8, 2011, Judge Crone adopted the report, finding Defendant guilty of count one of the

indictment.  On May 11, 2012, the initial Presentence Report ("PSR") was filed.

On August 2, 2012, Defendant filed his motion to withdraw his plea of guilty (Dkt. #268). On September 4, 2012, the United States filed a response (Dkt. #271).  On September 6, 2012, the Court conducted a hearing on the motion.

## ANALYSIS
### Standard of Review

According to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, a district court may grant a motion to withdraw a guilty plea before sentencing if the defendant shows "a fair and just reason."  There is no absolute right to withdraw a guilty plea, and the Defendant bears the burden of establishing a fair and just reason for withdrawing her plea.  *United States v. Puckett*, 505 F.3d 377, 382 (5th Cir. 2007) (citation omitted); *United States v. Lampazianie*, 251 F.3d 519, 523-24 (5th Cir. 2001).  In deciding whether to permit a defendant to withdraw a guilty plea, the Court is granted "broad discretion."  *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984) (citation omitted).

To determine whether a defendant may withdraw a plea of guilty prior to sentencing, this Court must look at the following factors: (1) whether the Defendant has asserted his innocence; (2) whether the government would suffer prejudice if the withdrawal of the motion were granted; (3) whether the Defendant has delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the Court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources.  *Id.* at 343-44.  The Court is not required to make a finding as to each individual factor.  *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003).  The *Carr* factors are considered for the totality of the circumstances and no single factor is dispositive.  *Lampazianie*, 251 F.3d at 524; *Powell*, 354 F.3d at 370.

## Discussion

Defendant's main argument in support of his claim that there is a fair and just reason to allow him to withdraw his guilty plea is that he did not knowingly or voluntarily enter a guilty plea because he was afraid he was going to receive a life sentence if he went to trial and was convicted. Defendant also asserts that he is innocent.

**Defendant's Assertion of Innocence**

Defendant asserts his legal innocence. However, Defendant offers nothing to the Court to illustrate his innocence other than his generic claim that he is now innocent.

In his plea colloquy with the Court on December 5, 2011, Defendant, under oath, agreed to the statement of facts and that he was pleading guilty to the facts that he conspired with others to distribute or possess with intent to distribute at least fifteen kilograms but less than fifty kilograms of cocaine. Defendant also stated that he understood the range of punishment. Defendant also signed a plea agreement that contained his agreement to plead guilty to a violation of 21 U.S.C. § 846. After pleading guilty, Defendant was interviewed by a United States Probation Officer and did not assert his innocence.

During the September 6, 2012 motion-to-withdraw hearing, Defendant testified that he felt scared when he pleaded guilty, but that he never told his attorneys that he was innocent.

During the hearing, Defendant never denied that he was involved in the conspiracy, other than to generically say that he was asserting his innocence, without any further explanation.

**Delay in Filing Withdrawal Motion**

In *Carr*, the Fifth Circuit found a delay of twenty-two days before filing a motion for withdrawal of a guilty plea to weigh against allowing the defendant to withdraw his plea. *Carr*, 740 F.2d at 345. "The rationale for allowing a defendant to withdraw a guilty plea is to permit him to

undo a plea that was unknowingly made at the time it was entered. The purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Id.*

On December 5, 2011, Defendant pleaded guilty. The first communication from Defendant that he would like to withdraw his guilty plea was the filing of the motion to withdraw on August 2, 2012. Defendant testified that he informed his lawyer that he wanted to withdraw his plea of guilty six months after his plea. Even if the Court accepts Defendant's asserted date, Defendant waited almost six months from the time he entered his guilty plea before he made a request to counsel to file a motion to withdraw. It appears that Defendant also waited until after the initial PSR had been prepared before notifying the Court that he wanted to withdraw his guilty plea. The Court finds that Defendant was not prompt. Defendant's delay demonstrates a tactical decision, and Defendant's belief that he made a bad decision in pleading guilty. Therefore, the Court finds that Defendant's delay strongly favors denying the motion.

**Assistance of Counsel**

In order for a Defendant's guilty plea to be valid, "the defendant must have available the advice of competent counsel. The advice of competent counsel exists as a safeguard to ensure that pleas are voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000) (internal citations omitted).

In a recent case, the Fifth Circuit determined that close assistance of counsel under Rule 11(d)(2)(B) and "constitutionally ineffective assistance of counsel are distinct issues." *United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009). Ineffective assistance is a basis for invalidating a conviction under the Sixth Amendment and not relevant to the decision of whether Defendant was denied close assistance of counsel. *Id.*

The question of whether Defendant received the close assistance of counsel "requires a fact-intensive inquiry." *Id.* Defendant's counsel at the time of his guilty plea is the same counsel presenting the motion to withdraw. Defendant presented no credible evidence at the hearing on the motion for withdrawal of the guilty plea that related to the assistance of counsel. Defendant entered into a plea agreement with the Government. The plea agreement was signed by Defendant and his counsel. Paragraph ten of the plea agreement states that Defendant reviewed all legal and factual aspects of the case and that Defendant was fully satisfied with his counsel's legal representation. Defendant also represented, in signing the written consent form to proceed before the undersigned, that he was satisfied with the representation provided to him. Defendant was also asked during his plea colloquy whether he was satisfied with the representation provided by his counsel, and he answered that he was.

The Court cannot find fault with the representation provided by counsel. Therefore, the Court finds that Defendant was not without assistance of adequate counsel in agreeing to plead guilty.

**Knowing and Voluntary Plea**

"For a plea to be knowing and voluntary, 'the defendant must be advised of and understand the consequences of the [guilty] plea.'" *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992) (quoting *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990)). Defendant must have notice of the nature of the charges against him, he must understand the consequences of his plea, and he must understand the nature of the constitutional protections he is waiving. *Matthew*, 201 F.3d at 365. For a guilty plea to be voluntary, it must "not be the product of 'actual or threatened physical harm, or ... mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of

5

counsel." *Id*. (quoting *Brady v. United States*, 397 U.S. 742, 750 (1970)).

In this case, the Court informed the Defendant of the nature and consequences of his guilty plea. The Court informed Defendant of the rights he gave up when pleading guilty, the potential sentence he faced for pleading guilty, including imprisonment of 135 months, and the specific elements of the crime. Defendant stated that he understood the penalties he could receive, that he understood the elements of the offense, and that he understood his constitutional rights. He was advised about the sentencing guidelines. The Court also reviewed the plea agreement. Defendant testified that he understood.

Defendant represented that his plea was freely and voluntarily made, and that no one forced him, threatened him, or promised him anything other than what was contained in the plea agreement. Counsel indicated that Defendant was competent and able to cooperate with him, and that he understood the plea agreement. The Court went over, in detail, the statement of facts in support of the plea agreement. Defendant acknowledged that the facts were true and correct and that he was pleading guilty to the facts as recited by the Court. After acknowledging the facts supporting his plea, Defendant entered a plea of guilty to count one of the indictment. Having been advised as to the details and consequences of his plea, having repeatedly stated that he understood the proceedings, and having repeatedly acknowledged his guilt, Defendant's assertion that his plea was anything other than knowing and voluntary is contradicted by the record. *See United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002) (reviewing courts give great weight to the defendant's statement at the plea colloquy).

During the September 6, 2012 hearing, Defendant testified that he felt scared about facing a possible life sentence based upon advice he was receiving from other inmates and family members. These other individuals apparently told him to plead guilty and take the 135 month sentence.

Defendant now states that he changed his mind. Although the Court can understand Defendant's motivation, the Court also understands that Defendant, if convicted, would be facing a much harsher sentence than the 135 months agreed to by the parties. The Court finds Defendant less than credible. The Court finds that Defendant's plea was knowing and voluntary.

**Remaining Factors**

The remaining factors for the Court to consider are as follows: (1) whether withdrawal would cause the Government to suffer prejudice if the motion were granted; (2) whether withdrawal would substantially inconvenience the Court; and (3) whether withdrawal would waste judicial resources.

The Government asserts that if the plea were withdrawn, additional work would be required because after the guilty plea, resources were shifted to other matters. Considering the nature of this case, the Court finds that there would be prejudice to the Government if the plea were withdrawn.

After considering the evidence presented, the arguments of counsel, and reviewing the record, the Court finds that none of the *Carr* factors do weigh in Defendant's favor. Defendant presented no evidence that convinces the Court that Defendant should be allowed to withdraw his plea of guilty. Given the totality of the circumstances, the Court finds that Defendant has failed to demonstrate a fair and just reason to withdraw his plea of guilty.

## RECOMMENDATION

The Court recommends that Defendant's Motion to Withdraw Guilty Plea (Dkt. #268) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained

in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 11th day of September, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE